[Cite as *State v. Wampler*, 2012-Ohio-2143.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-57 |
| ELIZABETH A. WAMPLER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Fairfield County
Municipal Court, Case No. TRD 11 02860

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      May 11, 2012

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

ANDREW S. MAKOSKI                  SCOTT P. WOOD
Lancaster City Prosecutor            Dagger, Johnston Miller, Ogilvie & Hampson
Box 1008                                   144 East Main Street
Lancaster, OH 43130                Box 667
                                             Lancaster, OH 43130

*Gwin, P.J.*

{¶1} Defendant Elizabeth A. Wampler appeals a judgment of the Municipal Court of Fairfield County, Ohio, which convicted her of leaving the scene of an accident. Appellant assigns a single error to the trial court:

{¶2} "THE TRIAL COURT 'S FINDING OF GUILTY WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

{¶3} This matter was tried to the bench. Steven Lee testified as he was leaving the Best Buy Store, he heard a noise and saw a white pickup truck pulling out of the space next to his vehicle in the parking lot. Someone rolled down the window on the passenger side of the white pickup truck and pushed the mirror out. He testified when he reached his car he found scuff marks from the front of the windshield, on the paint, down across the back of the mirror, and on part of the car. The mirror was shoved in. Lee copied down the license plate number. He testified the vehicle was not damaged before he entered the store.

{¶4} At the time Lee heard the noise, he was approximately five to seven car lengths away from his vehicle. Lee admitted he could not see the actual impact and could not see the mirrors from his vantage point.

{¶5} Appellant testified on the day in question she borrowed her father's vehicle. She was driving and her sister-in-law was in the passenger seat. When she drove his truck she always parked in the back and away from everyone because the vehicle was longer than what she was used to. Appellant testified there were no vehicles parked near her, because she deliberately parked away from the other vehicles. She parked in two spaces because she didn't want any accidents happening while she was driving

the vehicle.  The vehicle in question was a full-sized Chevy pickup with a long bed and standard cab.

{¶6}  Appellant testified she and her sister-in-law were in Best Buy for perhaps ten minutes, and when they came back out there were no vehicles really close to the truck.  The closest vehicle was a spot and a half away at least, and no one was parked right up next to her.  Appellant testified as she was driving away, she saw her mirror was completely pushed in. She guessed a teenager probably walked by and pushed it in, so she had her sister-in-law roll down the window and push it back out.  They drove home, where she inspected the vehicle and found no damage to it.

{¶7}  Appellant testified she could not recall hearing any loud noises and although she was talking to her sister-in-law, the radio wasn't on.  Appellant testified she never heard any noises out of the ordinary in the parking lot, and there were probably people getting in and out of their cars, slamming doors.

{¶8}  Knowledge of the accident is an essential element of the offense of leaving the scene of an accident. R.C. 4549.021.

{¶9}  In *State v. Thompkins,* 78 Ohio St. 3d 380, 678 N.E. 2d 541 (1997), the Supreme Court of Ohio explained "sufficiency of the evidence" is a term of art referring to the legal standard courts apply to determine whether the evidence is legally sufficient as a matter of law to go to a jury and to support the jury verdict.  Sufficiency tests the adequacy of the evidence, and it is a question of law.  *State v. Robinson,* 162 Ohio St. 486, 124 N.E. 2d 148 (1955).  Whether the defendant contests the facts and evidence is not relevant to the question of the sufficiency of the state's evidence. *State v. Chaiffetz,* 10th Dist. No. 9-98-20, 1999-Ohio-801 at page 21.

{¶10} We have reviewed the transcript of the trial, and we find the evidence presented, if believed by the trial court as trier of fact, is legally sufficient to support the conviction.  The assignment of error is overruled.

{¶11} For the foregoing reasons, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. JULIE A. EDWARDS

WSG:clw 0423

[Cite as *State v. Wampler*, 2012-Ohio-2143.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
             Plaintiff-Appellee     :
                                       :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
ELIZABETH A. WAMPLER                   :
                                       :
                                       :
           Defendant-Appellant    :        CASE NO. 2011-CA-57


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Municipal Court of Fairfield County, Ohio, is affirmed.  Costs to appellant.




                    _____
                    HON. W. SCOTT GWIN



                    _____
                    HON. SHEILA G. FARMER



                    _____
                    HON. JULIE A. EDWARDS